IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.  17-025 |
| MOREL GERONIMO BAIL | : | |

## GUILTY PLEA MEMORANDUM

**I.     INTRODUCTION**

On January 12, 2017, defendant Morel Geronimo Bail was charged by Indictment with one count of reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1).   The defendant, a native and citizen of Guatemala, was deported from the United States on or about April 2, 2014, and was subsequently found in the United States, having knowingly and unlawfully reentered the United States without first applying for admission to the Attorney General of the United States or her successor, the Secretary for the Department of Homeland Security.   Defendant Bail, through counsel, Maranna J. Meehan, Esquire, has indicated a desire to plead guilty to the Indictment.   There is no plea agreement.   A change of plea hearing has been scheduled for Wednesday, March 29, 2017 at 10:00 AM.

**II.     ELEMENTS OF THE OFFENSE**

Title 8, United States Code, Section 1326 provides the following in pertinent part:

    (a) [A]ny alien who –

        (1)     has been denied admission, excluded, deported, or

        removed . . . and thereafter

1

>> (2)   enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission . . .

> [shall be guilty of an offense].

To prove a violation of 8 U.S.C. § 1326(a), the government must prove the following essential elements:[1]

1. The defendant is an alien;[2]
2. The defendant was deported;
3. Defendant thereafter entered, attempted to enter, or was found in the United States; and
4. Defendant did so without having obtained permission from the Attorney General or his successor, the Secretary for the Department of Homeland Security, to reapply for admission.

See United States v. Flores-Peraza, 58 F.3d 164, 166 (5th Cir. 1996); United States v. Ortiz-Lopez, 24 F.3d 53, 55 (9th Cir. 1994).

---

[1] Section 1326 sets forth a general intent crime and the government need only prove that an alien's act of entering the United States was voluntary.  Voluntariness and general intent to enter the country can be inferred from the alien's presence in the United States and need not be alleged in the indictment.  United States v. San Juan-Cruz, 314 F.3d 384, 390 (9th Cir. 2002); United States v. Berrios-Centeno, 250 F.3d 294, 299-300 (5th Cir. 2001).

[2] The term "alien" means any person not a citizen or national of the United States.  8 U.S.C. § 1101(a)(3).

### III.  MAXIMUM PENALTY

The statutory maximum penalty for a violation of 8 U.S.C. § 1326(a), when enhanced under subsection (b)(1), because his removal was after a conviction for a felony, is 10 years imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment.[3]

### IV.  FACTUAL BASIS FOR PLEA

If this case were to proceed to trial, the government would be able to prove each element of the charged offense.  In summary, the government would prove the following facts:

According to his alien file, Bail is a native and citizen of Guatemala.  There is no evidence in his alien file that he is a citizen or national of the United States.

On or about April 2, 2014, Bail was removed from the United States to Guatemala.  In connection with this removal, immigration officials executed a Form I-205, Warrant of Deportation/Removal, which contains the defendant's name, signature, alien number, photograph and fingerprint.  It also contains a fingerprint which a Fingerprint Specialist from the Department of Homeland Security found was too poor to compare to Bail's most recent

---

[3] On December 21, 2011, Bail was arrested by Sanford Police in Florida and charged with Aggravated Battery, in violation of F.S.A. § 775.082 (F2), Aggravated Assault (F3), Tampering with Physical Evidence-Destroying, and Battery Domestic Violence.  According to the police report, Bail became upset with his girlfriend over the volume of music and a physical altercation began.  When she touched his shoulder in an attempt to calm him down, he shoved her against a wall, pulled out a knife and told her "I'm gonna fucking kill you!"  Bail then slashed her across the chest, cutting her multiple times.  When police arrived, the victim was covered in blood and they found the knife in the toilet.  On December 16, 2013, he pleaded guilty to all counts in the Circuit Court of the 18th Judicial District for Seminole County.  On January 15, 2014, he was sentenced to 180 days' imprisonment on each count to run concurrently with credit for 112 days.  However, the terms of imprisonment on the first three counts were "withheld" (there was no such withholding as to the Battery-Domestic Violence count) and he was sentenced to eight years' probation on the first two counts and three years' probation on the third count.

fingerprints. The I-205 is also signed by the immigration officials who fingerprinted Bail and who witnessed the departure. Prior to his removal, immigration officials served Bail with an I-294, Warning to Alien Ordered Removed or Deported, dated March 20, 2014, which warned him that he was prohibited from entering, attempting to enter or being in the United States "at any time" following his removal because he had been convicted of a crime designated as an "aggravated felony." The form also advised him that he was required to request and obtain permission from the Attorney General to reapply for admission to the United States following his deportation and that illegal re-entry was a crime under 8 U.S.C. §1326 and punishable by two to twenty years' imprisonment. The I-294 is signed by the immigration official who served the warning.

On December 14, 2016, York ICE deportation officers Ogden, Szalczyk, Waynick, and Tedesco were conducting early morning surveillance operations at 256 W. State Street in Quarryville, PA 17566 ("target address"). At approximately 3:45 AM, the officers saw an older model Ford Econoline van (dark in color) pull into the driveway of the target address. A male subject, later identified as Bail, then left the target address and entered the van. Due to limited visibility during the early morning hours, the officers could not confirm whether or not the male subject was the target of their surveillance. The van pulled out of the driveway and headed south on W. State Street. The officers followed the van and conducted a traffic stop in an attempt to identify the male subject that had left the target address earlier. There were a total of 5 occupants in the van including the driver. The officers identified themselves as immigration officers to the driver and the four passengers in the rear. All were asked to provide

identification.  The driver was identified as a legal permanent resident but all of the passengers in the rear, including Bail, admitted to having unlawfully entered the U.S. without inspection.

Mobile biometrics were captured on scene and submitted through the IDENT and NGI databases for positive identification for all of the passengers in the van.  Bail, who was seen leaving the target address, provided the officers with a fake Mexican identification card bearing the name Ivan Antonio Velasquez-Vasquez.  However, through biometric results, the defendant was correctly identified as Morel Geronimo Bail.  Upon questioning as to his true identity, he admitted the Mexican ID card that he provided was fraudulent and that his real name was Morel Geronimo Bail and that he was a Guatemalan national who was previously deported to Guatemala in 2014.  ICE officers took Bail into ICE custody without incident and released the other occupants in the van.  Bail was then transported to the ICE office in York, PA for further processing.

After he was transported to York, Bail stated to ICE deportation officers that his complete and correct name was Morel Geronimo Bail and that he also used the name "Ivan Antonio Velasquez-Vasquez."  He again admitted that he was a native and citizen of Guatemala as were his parents.  He also admitted that he had been previously deported.  He further stated that he illegally entered the United States in approximately May of 2015 by crossing the Mexican border into Arizona without inspection and admission by an immigration official.  Finally, he admitted that he did not have any document that permitted him to legally reside in the United States and that he did not have permission from the Secretary of Homeland Security or the Attorney General to re-enter the United States after his removal.

ICE officials reinstated his prior order of removal and Bail signed the I-871, Notice of Intent/Decision to Reinstate Prior Order, indicating that he did not wish to make a statement contesting that determination.

A representative of the United States Citizenship and Immigration Services ("USCIS") would testify that USCIS has no record of the defendant applying for or receiving permission from the United States Attorney General or her successor, the Secretary for the Department of Homeland Security, for admission into the United States after his removal.

Lastly, the government would offer the testimony of a Fingerprint Specialist from the Department of Homeland Security that the fingerprint taken from the defendant by ICE officials on December 14, 2016 matches a fingerprint taken from the defendant following his initial encounter with ICE agents prior to his removal in 2014.[4]

---

[4] The examiner would further testify, if asked, that an additional print taken from Bail after the initial encounter with ICE at the time of his actual removal and documented on the Form I-205, Warrant of Removal/Deportation, dated April 2, 2014 was not suitable to make a comparison to his most recent prints.

V.       **CONCLUSION**

The United States respectfully submits that this summary of evidence provides a factual basis for a guilty plea by the defendant to Count One of the Indictment charging him with reentry into the United States after deportation, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).   The United States also respectfully requests that the Court accept his plea of guilty to the Indictment.

>                            Respectfully submitted,
>
>                            LOUIS LAPPEN
>                            Acting United States Attorney
>
>
>                              /s/ Eric L. Gibson
>                            ERIC L. GIBSON
>                            Assistant United States Attorney

Dated:   March 8, 2017

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Guilty Plea Memorandum has been served by hand delivery upon the following:

>Maranna J. Meehan, Esquire
>Federal Community Defender Office
>Suite 540 West, Curtis Center
>Independence Square West
>Philadelphia, PA 19106

　　　　　　　　　　　　　　　　　　　　/s/ Eric L. Gibson
　　　　　　　　　　　　　　　　　　ERIC L. GIBSON
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

Dated: March 8, 2017